EMILY A. MAC MASTER, ISB NO. 6449
MAC MASTER LAW PLLC
300 W. Main Street, Suite 202
Boise, Idaho 83702
Telephone:  (208) 608-2235
emacmaster07@gmail.com
emily@macmasterlaw.com

Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
State Bar No. 24062947
Melinda Arbuckle (to be admitted *Pro Hac Vice*)
marbuckle@eeoc.net
State Bar No. 24080773
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile
*Attorneys for Plaintiff and Putative Collective Action Members*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Shane Chaffer, individually and on behalf of all others similarly situated, | Civil Action No. _____ |
| Plaintiff, | PLAINTIFFS ORIGINAL COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| Front Line EMS LLC, | COLLECTIVE ACTION |
| Defendant. | |

Plaintiff, Shane Chaffer (hereafter referred to as "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Front Line EMS LLC ("hereafter referred to as "Defendant"), showing in support as follows:

                              I.       **NATURE OF ACTION**

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking

damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on a day rate basis.

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant while paid on a day rate basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.    THE PARTIES

### A.    Plaintiff Shane Chaffer

4. Plaintiff is an individual residing in Clackamas County, Oregon. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant on or about March 1, 2020. Plaintiff is a current employee.

6. At all times, Plaintiff earned a day rate of approximately $600 per day in connection with work for Defendant.

7. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.    Collective Action Members

8. The putative Collective Action Members are all current or former employees of Defendant who are/were paid on a day rate basis and who are/were not paid time and one-half their

respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees paid on a day rate who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

C. **Defendant Front Line EMS LLC**

10. Defendant is a limited liability company organized under the laws of the State of Idaho.

11. During all times relevant to this lawsuit, Defendant has done business in the State of Idaho.

12. Defendant's principal place of business, as listed with the Idaho Secretary of State is 1730 NE Cinder Loop, Mountain Home, Idaho 83647.

13. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: transportation of goods within the state, and

communication using phones and radio with other employees.

17. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, equipment, and supplies/materials used in connection with emergency medical service operations.

18. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

19. Defendant may be served with summons through its registered agent Justin D. Baker, located at 575 Old Highway 30, Mountain Home, Idaho 83647.

### III.    JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

21. The United States District Court for the District of Idaho has personal jurisdiction over Defendant because Defendant does business in this District, Defendant is headquartered in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District, a substantial part of the events giving rise to all claims occurred in this District.

### IV.    FACTUAL BACKGROUND

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. Plaintiff is employed by Defendant as a Paramedic in connection with its tactical and standby emergency services business. His primary job duties involve rendering aid to those needing emergency medical care.

25. At all material times Plaintiff was paid a day rate of approximately $600 per day. Defendant did not pay Plaintiff a salary or on a "fee basis" as those phrases relate to the FLSA.

26. Additionally, Plaintiff received the same day rate compensation for time he was required to be on-call. Plaintiff worked approximately 24 to 60 on-call hours per week.

27. Defendant was required to compensate Plaintiffs for all on-call hours pursuant to the FLSA because Plaintiff was unable to use the time he was on-call effectively for his own purposes. *See* 29 C.F.R. §§ 785.15, 785.17.

28. When on call, Plaintiff has to respond and arrive on scene within 15 minutes, has to stay in housing next to their base with limited vehicles available, and has to ask permission to leave the grounds. Thus, because he is so restricted during on-call hours that he is effectively engaged to wait, the on-call hours are considered hours worked under the FLSA and are compensable. *See Owens v. Local No. 169*, 971 F.2d 347, 354 (9th Cir. 1992).

29. Thus, Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed 84 hours of work for Defendant. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

30. During times relevant, Defendant employs/employed numerous other employees in connection with its tactical and standby emergency services business who are/were similarly situated to Plaintiff. Those employees are/were also paid on a day rate basis, are/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, and are/were not

paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

## V. FLSA CLAIMS FOR OVERTIME PAY

31. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

32. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

33. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

34. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

35. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

36. Plaintiff and putative Collective Action Members are/were paid on a day rate basis by Defendant.

37. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

38. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

39. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

40.     Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

41.     Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

42.     Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

43.     Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

44.     Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

### VI.     COLLECTIVE ACTION CLAIMS

45.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

46.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

47. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who were paid a day rate for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

48. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a day rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

49. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

50. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

51. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

52. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

53. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

54. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

55.   Plaintiff demands a jury trial.

## VIII.   DAMAGES AND PRAYER

56.   Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b. All damages allowed by the FLSA, including back wages;

c. Liquidated damages in an amount equal to FLSA-mandated back wages;

d. Attorneys' fees;

e. Costs;

f. Post-judgment interest;

g. All other relief to which Plaintiff and the Collective Action Members may be justly entitled.

Dated:  April 25, 2022            Respectfully submitted,

MACMASTER LAW, PLLC

By:   */s/ Emily MacMaster*
    Emily MacMaster
    State Bar No.  6449
    emacmaster07@gmail.com
    emily@macmasterlaw.com

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle (to be admitted *Pro Hac Vice*)
State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS