Jennifer M. Walrath
Idaho State Bar No. 10893
Benjamin T. Cramer
Idaho State Bar No. 9220
Idaho Employment Lawyers, PLLC
1112 W. Main Street, Suite 105
Boise, Idaho 83702
Phone: (208) 901-3912
Facsimile: (208) 534-7445
jwalrath@idemploymentlawyers.com
bcramer@idemploymentlawyers.com

Mark D. Temple (to be admitted *Pro Hac Vice*)
Texas Bar No. 00794727
Peter J. Stuhldreher (to be admitted *Pro Hac Vice*)
Texas Bar No. 24056393
Emil M. Sadykhov (to be admitted *Pro Hac Vice*)
Texas Bar No. 24110316
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Facsimile: (713) 751-1717
mtemple@bakerlaw.com
pstuhldreher@bakerlaw.com
esadykhov@bakerlaw.com

*Attorneys for Defendant Front Line EMS, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **Shane Chaffer, individually and on behalf of all others similarly situated,** | **Case No. 1:22-cv-00181-DCN** |
| **Plaintiff,** | |
| **vs.** | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT [Dkt. 1]** |
| **Front Line EMS, LLC,** | |
| **Defendant.** | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
ORIGINAL COMPLAINT - 1**

Defendant Front Line EMS, LLC ("Front Line" or "Defendant") files this Answer and Affirmative Defenses to Plaintiff Shane Chaffer's ("Chaffer" or "Plaintiff") Original Complaint ("Complaint") [Dkt. 1].

## I.    <u>ANSWER</u>

1.     With regard to the allegations contained in Paragraph 1 of the Complaint, Front Line admits only that Chaffer purports to bring this lawsuit under the Fair Labor Standards Act ("FLSA") to recover the alleged damages sought in the Complaint.  Front Line denies that it violated the FLSA or any other law, and denies that Chaffer or any other individuals are entitled to any relief.  Front Line denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.     With regard to the allegations contained in Paragraph 2 of the Complaint, Front Line admits only that Chaffer purports to bring this lawsuit individually and as a collective action under the FLSA on behalf of a putative collective of "Collective Action Members" as defined in Paragraph 2 of the Complaint.  Front Line denies that this action is properly maintained as a collective action, denies that there is any proper collective of "Collective Action Members," denies that it violated the FLSA or any other law, and denies that Chaffer or any other individuals are entitled to any relief.  Front Line denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.     With regard to the allegations contained in Paragraph 3 of the Complaint, Front Line admits only that Chaffer seeks the damages identified in Paragraph 3 of the Complaint.  Front Line denies that this action is properly maintained as a collective action, denies that there is any proper collective of "Collective Action Members," denies that it violated the FLSA or any other

law, and denies that Chaffer or any other individuals are entitled to any relief. Front Line denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.     With regard to the allegations contained in Paragraph 4 of the Complaint, Front Line admits only that Plaintiff is an individual. Front Line is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint regarding where Chaffer resides; therefore, those allegations are denied. The remaining allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

5.     With regard to the allegations contained in Paragraph 5 of the Complaint, Front Line admits only that Chaffer is a current employee of Front Line. Front Line denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.     Front Line denies the allegations contained in Paragraph 6 of the Complaint.

7.     With regard to the allegations contained in Paragraph 7 of the Complaint, Front Line admits only that the document attached as Exhibit 1 to the Complaint purports to be Chaffer's "Consent Form for Wage Claim." Front Line denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.     With regard to the allegations contained in Paragraph 8 of the Complaint, Front Line admits only that Chaffer alleges that there is a group of "putative Collective Action Members" as defined in Paragraph 8 of the Complaint. Front Line denies that this action is properly maintained as a collective action, and denies that there is any proper collective of "Collective Action Members." Front Line denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.     Front Line denies the allegations contained in Paragraph 9 of the Complaint.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - 3**

10.     Front Line admits the allegations contained in Paragraph 10 of the Complaint.

11.     With regard to the allegations contained in Paragraph 11 of the Complaint, Front Line admits only that it has done business in the State of Idaho during the three years preceding the filing of the Complaint.  Front Line denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Front Line admits the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

14.     With regard to the allegations contained in Paragraph 14 of the Complaint, Front Line admits only that it has employed two or more employees during the three years preceding the filing of the Complaint.  Front Line denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

16.     The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

18.     Front Line denies the allegations contained in Paragraph 18 of the Complaint.

19.     Front Line admits the allegations contained in Paragraph 19 of the Complaint.

20.     With regard to the allegations contained in Paragraph 20 of the Complaint, Front Line admits only that the claims asserted in the Complaint arise under the FLSA, which is a federal statute, and that this Court has subject matter jurisdiction over the federal claims asserted in the

Complaint under the FLSA.  Front Line denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     With regard to the allegations contained in Paragraph 21 of the Complaint, Front Line admits only that this Court has personal jurisdiction over Front Line and that Front Line has its corporate headquarters in Idaho and does business in Idaho.  Front Line denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     With regard to the allegations contained in Paragraph 22 of the Complaint, Front Line admits only that venue is proper in this Court and that Front Line has its corporate headquarters in Idaho.  Front Line denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     With regard to the allegations contained in Paragraph 23 of the Complaint, Front Line incorporates by reference the admissions and denials contained in the preceding paragraphs, as if fully restated herein.

24.     With regard to the allegations contained in Paragraph 24 of the Complaint, Front Line admits only that Chaffer is employed by Front Line as a Paramedic and that Chaffer's duties in connection with his employment with Front Line including providing medical aid to certain individuals in need of certain emergency medical care.  Front Line denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     With regard to the allegations contained in Paragraph 25 of the Complaint, Front Line denies that Chaffer was paid a day rate of approximately $600 per day at all times during his employment with Front Line.  The remaining allegations contained in Paragraph 25 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - 5**

26.     Front Line denies the allegations contained in Paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

28.     With regard to the allegations contained in Paragraph 28 of the Complaint, Front Line admits only that, when he is on call, Chaffer is expected to respond within 15 minutes of receiving a call to perform duties in connection with his employment with Front Line.  Front Line denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Front Line is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint that Plaintiff routinely worked in excess of 40 hours per workweek for Front Line; therefore, those allegations are denied. Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Front Line denies the allegations contained in Paragraph 30 of the Complaint.

31.     With regard to the allegations contained in Paragraph 31 of the Complaint, Front Line incorporates by reference the admissions and denials contained in the preceding paragraphs, as if fully restated herein.

32.     The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

33.     The allegations contained in Paragraph 33 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

34.     The allegations contained in Paragraph 34 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

35.     The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

36.     The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

37.     Front Line is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint; therefore, those allegations are denied.

38.     The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

39.     Front Line denies the allegations contained in Paragraph 39 of the Complaint.

40.     Front Line denies the allegations contained in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

42.     Front Line denies the allegations contained in Paragraph 42 of the Complaint.

43.     With regard to the allegations contained in Paragraph 43 of the Complaint, Front Line admits only that Chaffer pleads for the damages identified in Paragraph 43 of the Complaint. Front Line denies that this case is properly maintained as a collective action, and denies that there is any proper collective of "Collective Action Members."  Front Line denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     With regard to the allegations contained in Paragraph 44 of the Complaint, Front Line admits only that Chaffer seeks the damages identified in Paragraph 44 of the Complaint. Front Line denies that this action is properly maintained as a collective action, and denies that there is any proper collective of "Collective Action Members."  Front Line denies the remaining allegations contained in Paragraph 44 of the Complaint.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - 7**

45.     With regard to the allegations contained in Paragraph 45 of the Complaint, Front Line incorporates by reference the admissions and denials contained in the preceding paragraphs, as if fully restated herein.

46.     The allegations contained in Paragraph 46 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

47.     With regard to the allegations contained in Paragraph 47 of the Complaint, Front Line admits only that Chaffer purports to bring this lawsuit as a collective action under the FLSA on behalf of an alleged "collective" defined as in Paragraph 47 of the Complaint.  Front Line denies that this case is properly maintained as a collective action, and denies that there is any proper "collective" as defined in Paragraph 47 of the Complaint.   Front Line denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     With regard to the allegations contained in Paragraph 48 of the Complaint, Front Line is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Chaffer's personal knowledge; therefore, those allegations are denied.  Front Line denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     The allegations contained in Paragraph 49 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

50.     The allegations contained in Paragraph 50 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

51.     The allegations contained in Paragraph 51 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

52.     The allegations contained in Paragraph 52 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

53.     With regard to the allegations contained in Paragraph 53 of the Complaint, Front Line admits only that Chaffer purports to reserve the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding. Front Line denies that this case is properly maintained as a collective action, and denies that there is any proper alleged "class" or "subclass." Front Line denies the remaining allegations contained in Paragraph 53 of the Complaint.

54.     With regard to the allegations contained in Paragraph 54 of the Complaint, Front Line admits only that Chaffer purports to reserve the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified. Front Line denies that this case is properly maintained as a collective action, and denies that there is any proper alleged "class" or "subclass." Front Line denies the remaining allegations contained in Paragraph 54 of the Complaint.

55.     With regard to the allegations contained in Paragraph 55 of the Complaint, Front Line admits only that Chaffer demands a trial by jury. Front Line denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint and all sub-paragraphs thereto contain Chaffer's prayer for relief, to which no response is required. Front Line denies that this action is properly maintained as a collective action, and denies that Chaffer or any other individuals are entitled to any relief, including the relief identified in Paragraph 56 of the Complaint and all sub-paragraphs thereto. Front Line denies any remaining allegations contained in Paragraph 56 of the Complaint and all sub-paragraphs thereto.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - 9**

## II.   <u>AFFIRMATIVE AND OTHER DEFENSES</u>

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The claims of some or all of the current opt-ins and potential opt-ins are barred because Front Line did not employ some or all of the current opt-ins and potential opt-ins within the meaning of the FLSA.

3.      The claims of Chaffer, the current opt-ins, and all potential opt-ins are barred, in whole or in part, because they have been paid and/or received all compensation due to them.

4.      The claims of Chaffer, the current opt-ins, and all potential opt-ins are barred, in whole or in part, by the applicable statute of limitations.

5.      The claims of Chaffer, the current opt-ins, and all potential opt-ins are barred, in whole or in part, because Chaffer lacks standing to assert the claims included in the Complaint on behalf of himself and on behalf of some or all of the putative collective members.

6.      The claims of Chaffer, the current opt-ins, and all potential opt-ins are barred as to all hours during which Chaffer, the current opt-ins, and all potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities.

7.      The claims of Chaffer, the current opt-ins, and all potential opt-ins are barred as to all hours during which Chaffer, the current opt-ins, and all potential opt-ins were engaged in non-work activities during their purported work hours.

8.      The claims of Chaffer, the current opt-ins, and all potential opt-ins are barred, in whole or in part, to the extent they seek compensation under the FLSA for activities that were not compensable.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - 10**

9.      The claims of Chaffer, the current opt-ins, and all potential opt-ins are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

10.      The claims of Chaffer, the current opt-ins, and all potential opt-ins are barred as to all hours allegedly worked of which Front Line lacked actual or constructive knowledge.

11.      The claims of Chaffer, the current opt-ins, and any potential opt-ins are barred, in whole or in part, by the exemptions under 29 U.S.C. § 213 and any applicable state law, including without limitation the administrative exemption, executive exemption, professional exemption, highly-compensated employee exemption, and/or any combination thereof.

12.      The claims of Chaffer, the current opt-ins, and any potential opt-ins are barred, in whole or in part, by the doctrine of *de minimis non curat lex.*

13.      Chaffer has failed to allege facts sufficient to justify a collective action.

14.      Chaffer has failed to submit sufficient evidence to justify certification of a collective action.

15.      Chaffer has failed to adequately plead a motion for conditional certification or notice.  Nonetheless, in the event that Chaffer is deemed to move for conditional certification and/or notice, Front Line objects for the reasons asserted herein, and Front Line respectfully requests a briefing schedule for the parties to brief their respective positions.

16.      Chaffer has not identified, and cannot identify, a group of "similarly situated" individuals.

17.      Chaffer is not "similarly situated" to those individuals he purports to represent.

18.      Chaffer has not established that any other person allegedly "similarly situated" to him desires to opt-in to this lawsuit.

19.      Chaffer has not identified potential opt-ins clearly and objectively.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - 11**

20.     Chaffer cannot adequately represent the interests of any potential opt-ins.

21.     Chaffer's attempt to pursue this case as a collective action violates Front Line's constitutional rights to due process.

22.     Chaffer is not qualified to act as a representative on behalf of any putative collective, and neither Chaffer nor Chaffer's counsel will fairly and adequately protect the interests of a putative collective.

23.     Questions of law or fact common to the members of a putative collective would not predominate over questions affecting only individual members of the putative collective.

24.     Chaffer's attempt to pursue this case as a collective action fails because independent and individual analyses of Chaffer's claims and damages, the claims and damages of each opt-in and potential opt-in, and each of Front Line's defenses are required.

25.     Chaffer is not entitled to certification under 29 U.S.C. § 216(b) because the purported collective action is unmanageable and would not serve the interests of judicial economy.

26.     The proposed scope of the putative class that Chaffer seeks in this case is qualitatively overbroad.

27.     If Chaffer, any current opt-in, and/or any potential opt-ins are able to show a violation of the FLSA (which Front Line specifically denies), either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA.  Thus, a three-year statute of limitations and liquidated damages would not be warranted.

28.     Chaffer's damages, and those of all current and potential opt-ins, are limited by the provisions of the FLSA, including without limitation the limitations contained in 29 U.S.C. § 216(b) and 29 C.F.R. § 260.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - 12**

29.     To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216(b) and 260.

30.     If Chaffer, any current opt-in, and/or any potential opt-ins are able to show a violation of the FLSA (which Front Line specifically denies), Front Line is entitled to seek a set-off or offset for any compensation paid to them beyond that to which they were entitled, including without limitation for any personal time spent during hours for which compensation was paid and for any amounts already paid to Chaffer, any current opt-in, and/or any potential opt-ins for hours worked over forty each workweek.

31.     If Chaffer, any current opt-in, and/or any potential opt-ins are able to show that they are entitled to overtime pay (which Front Line specifically denies), Chaffer and any current or potential opt-ins would be entitled to no more than one-half their regular rate of pay for any overtime hours worked each workweek.

32.     Front Line reserves the right to assert additional defenses and affirmative defenses at such time and to the extent warranted by the discovery and factual development in this case.

### III.     <u>ATTORNEYS' FEES AND COSTS</u>

Front Line seeks to recover all costs and fees associated with the defense of the claims in this action, including attorneys' fees, costs, and expert witness fees, pursuant to all applicable law.

### IV.     <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Front Line prays that Chaffer and any current or potential opt-ins take nothing by this suit and that Front Line recover all of its attorneys' fees, costs, and expert witness fees, and all other relief at law or in equity to which Front Line is justly entitled.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - 13**

**Dated: May 25, 2022**                Respectfully submitted,

By:   */s/ Benjamin T. Cramer*

       Jennifer M. Walrath
       Idaho State Bar No. 10893
       Benjamin T. Cramer
       Idaho State Bar No. 9220
       IDAHO EMPLOYMENT LAWYERS,
       PLLC
       1112 W. Main Street, Suite 105
       Boise, Idaho 83702
       Phone: (208) 901-3912
       Facsimile: (208) 534-7445
       jwalrath@idemploymentlawyers.com
       bcramer@idemploymentlawyers.com

       Mark D. Temple*
       Texas Bar No. 00794727
       Peter J. Stuhldreher*
       Texas Bar No. 24056393
       Emil M. Sadykhov*
       Texas Bar No. 24110316
       Baker & Hostetler LLP
       811 Main Street, Suite 1100
       Houston, Texas  77002
       Telephone:  (713) 751-1600
       Facsimile:  (713) 751-1717
       mtemple@bakerlaw.com
       pstuhldreher@bakerlaw.com
       esadykhov@bakerlaw.com

       *Application for Admission *Pro Hac Vice* to
       be filed

       **ATTORNEYS FOR DEFENDANT**
       **FRONT LINE EMS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on May 25, 2022, I electronically filed the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT  through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Emily A. Mac Master
Mac Master Law, PLLC
300 W. Main Street, Suite 202
Boise, Idaho 83702
Telephone: (208) 608-2235
emacmaster07@gmail.com
emily@macmasterlaw.com

Ricardo J. Prieto
Melinda Arbuckle
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
rprieto@eeoc.net
marbuckle@eeoc.net

*/s/ Benjamin T. Cramer*
Benjamin T. Cramer